214        APPELLATE COURTS OF ILLINOIS.

.     Polish Press Pub. Co. v. S. P. & D. Co., 163 Ill. App. 214.

# Polish Press Publishing Company, Defendant in Error, v. Southern Plantation and Development Company, Plaintiff in Error.

## Gen. No. 15,708.

1. MUNICIPAL COURT—*when statement of facts not stricken.* The Municipal Court has jurisdiction to extend the time to file a statement of facts for ninety days if such extension is granted within thirty days of the judgment date and a statement filed within such time will not be stricken.

2. MUNICIPAL COURT—*how statement of facts cannot be impeached.* A statement of facts will control, and recitals of evidence claimed to have been introduced on the trial contained in the brief will be disregarded; a charge of inadvertent omission likewise contained in the brief will be ignored.

Error to the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 4, 1911.

W. J. LAVERY, for plaintiff in error.

STEDMAN, SOELKE & SHUTAN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun against several defendants to recover the price of a job of printing done by defendant in error. On the trial the suit was dismissed as to all defendants except plaintiff in error, Southern Plantation Development Company, and one R. Scoda. The case was tried by the court without a jury and resulted in a finding and judgment for defendant in error and against plaintiff in error and R. Scoda, for $152 and for costs. To review this judgment plaintiff in error brings this suit here.

A motion of defendant in error to strike from the record the statement of facts, and to dismiss the *"appeal"* was taken with the case. The ground of the motion is "that the Municipal Court had no jurisdiction to enter an order extending the time ninety (90) days within which to file a statement of facts."

An examination of the record shows that judgment was entered on April 24, 1909, and that on May 21, 1909, by agreement of parties made in open court, time in which to file this statement of facts was extended ninety (90) days. We think the court in granting the extension acted clearly within its authority.

This is a case of the fourth class as classified by section 2 of the Municipal Court Act, and section 23 of that act applies to this case. Clause sixth of that section provides:

"Upon application made at any time within thirty (30) days after the entry of any final order or judgment *or within such further* time as may, *upon application therefor within said thirty days, be allowed by the court*, it shall be the duty of the Judge by whom such final order or judgment was entered to sign * * * a correct statement * * * of the facts appearing on the trial thereof," etc.

The application for the extension of time, and the order extending the time for filing of the statement of facts were within thirty days of the entry of the final judgment in this case and conform to the provisions of the section above quoted. The motion of the defendant in error to strike from the record the statement of facts, and to dismiss the "appeal" is therefore denied.

Plaintiff in error contends that the judgment against it is erroneous in that there is no evidence in the record in this case in any way tending to show a liability on its part. Defendant in error admits that no such evidence is shown in the record but undertakes to set out in his brief and argument what the evidence at the trial actually disclosed, insisting that it was left out

216 APPELLATE COURTS OF ILLINOIS.

Jaeger v. U. S. Brew. Co., 163 Ill. App. 216.

of the statement of facts by inadvertence. This court cannot concern itself with what was inadvertently left out of the record, but is bound by what is shown in the record. In this case there is nothing whatever in the record even tending to show a liability on the part of plaintiff in error. The judgment as to plaintiff in error therefore cannot be sustained (Goit v. Joyce, 61 Ill. 489), and the same is reversed and remanded.

*Reversed and remanded.*